Marshall, C. J.
This is an original action in mandamus upon the relation of an elector of the city of Coshocton, Ohio, to compel the deputy state supervisors of elections for Coshocton county to submit to the qualified electors of that city, at the ne?ct general election, the question “Shall a commission be chosen to frame a charter.”
Prior to September 2, 1921, a petition was circulated among the citizens of Coshocton, and signed by more than ten per cent, of the electors, requesting the city council to pass an ordinance under and by virtue of Section 8, Article XVIII of the Ohio Constitution, and on that date the city council at special meeting under suspension of the rules passed such an ordinance by more than a two-thirds vote, and, thereafter, on September 6, 1921, filed the original ordinance, signed by the president of council, attested by the clerk of council and approved by the mayor, with the deputy state supervisors of elections of Coshocton county. The board of elections after due consideration refused to submit the question to the electors, on two grounds: first, that the petition filed with the city council was not sufficient or valid in law; and, second, that the ordinance was not properly passed, authenticated or certified to the board of elections. All the foregoing matters are sufficiently alleged in the pleadings to raise the issues.
Seven objections are urged to the sufficiency of the original petitions, which petitions are intro *347 duced in evidence. An examination of them shows that many of these objections would in a proper proceeding have to be sustained. We are of the opinion, however, that inasmuch as the minutes of the council meeting show that the ordinance was passed by a two-thirds vote of the council its action would be final without any petition having been filed. By the provisions of Section 8, Article XVIII of the Constitution, the city council has discretionary power to pass an ordinance to submit the question of a charter to the people, and the purpose of a petition of ten per cent, of the electors is to compel such action. The ordinance which was passed makes no reference to the petitions, and for anything that appears the action of council was voluntary. We have therefore reached the conclusion that the petitions have no materiality in this controversy, and it only remains to determine whether the voluntary action of the city council was legally sufficient. We will therefore take up the claims of the respondents one at a time.
It is claimed that the ordinance was not properly passed for the reason that it was not attested by the clerk, but by one W. R. Davis, a person other than the clerk. The testimony discloses, however, that W. R. Davis had been elected clerk pro tem. in the absence of the regular clerk, and his signature must be held to properly attest the ordinance.
It is next claimed that the ordinance was not properly certified to the board of deputy state supervisors. The original ordinance was introduced in evidence and shows upon its face that it was filed with the board of elections on September 6th, and *348 so acknowledged by the clerk of the board. In this instance it would seem that the most effective method of bringing knowledge of the ordinance to the board was employed, that of filing with the board the original ordinance, properly attested, with an indorsement thereon of its filing by the clerk of the board.
During the hearing it developed that the required ten-day period after the first publication of the ordinance had not elapsed before the sixty-day period prior to the general election had begun to run. Even this difficulty is obviated by -the language of Section 8 which provides that the question must be submitted at the next regular election if one shall occur not less than sixty days “after its passage.” It is clear, therefore, that in order that the ordinance may become effective in time to hold the election, it is only necessary that it should be passed not less than sixty days before the election.
A question was also made about the ordinance not having been adopted upon a yea and nay vote properly recorded. It is, however, provided in Section 4224, General Code, that “this shall not apply to the ordering of an election.” This ordinance was clearly for the purpose of ordering an election and the yea and nay vote was therefore not obligatory.
It is therefore the finding of this court that though the petitions were not sufficient the council nevertheless passed an ordinance which appears to have been passed voluntarily and without reference to the petitions; that the same was passed by more *349 than a two-thirds vote and the court may not therefore inquire into the motive which induced the adoption of the ordinance; that the ordinance was properly passed and properly authenticated; that the adoption of the ordinance was properly brought to the attention of the board of deputy state supervisors of elections, which board took action upon it; that its action was contrary to law and it should have ordered the submission of the question to the electors of Coshocton at the next general election; and that the plaintiff has shown a clear legal right to the peremptory writ. The judgment of this court is therefore that the writ be awarded.

Writ allowed.

Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.